Case number 20-2328 from the District of Minnesota, United States v. Jason Jackson Ms. Fisher, when you are prepared, you may proceed. Thank you, and are we, is it okay to take our mask off? Yes. At the same time. Please do. Thank you. Good morning, and may it please the Court. As the Supreme Court has recently Council, before you get started into the merits, would you address the mootness, the potential for mootness in this case? Certainly, Your Honor. Based on the status of affairs. Yes, so the Government has raised a variety of mootness arguments, and we've got two primary responses that I think flow across all of the various arguments. And the first is, of course, that there is a very high bar for mootness, which flows directly to our second point, that the question is not whether this Court can grant the precise relief that Mr. Jackson requested. The question is whether this Court can grant any effectual relief. I think that's very clear from both this Court's case law and Supreme Court precedent. And we think that the Court can do so. Whether something is effectual, it doesn't matter how large or small the relief is, and it doesn't matter if the relief is different than what was initially requested. Here, Mr. Jackson sought an extension of time to file his 2255 motion. That request was denied by the District Court. We appealed, and we sought a period of time in which to submit a 225 motion on remand. Counsel, there's a response that you didn't make, but I will telegraph to the Government Counsel that I was going to ask it. In saying that the mootness argument turns on the District Court's recent denial of a 2255, in arguing to the District Court that it had jurisdiction to do that, the Government could come up with nothing other than a Southern District of New York citation, which I haven't read. But I think there's a serious question whether, with the case pending on appeal, the District Court had jurisdiction to do that. Now, you filed a 2255, but I can understand why. In fact, my problem with you is you waited a year to do it. Where does the District Court get jurisdiction to make that ruling? Your Honor, I think it's an important point. When we filed our 2255 motion, we filed specifically, we were clarifying that we were filing the request as one for either 2255 relief or a motion for an indicative ruling under Rule 29, which, of course, even though there's an appeal pending. It doesn't matter why you filed it. What matters is whether the Court was correct in taking the Government's invitation to decide it with the appeal pending. An appeal raising, challenging this exact same cadre of issues. I think the Government's position was outrageous, frankly. When all they can come up with is a not, it's not only a District Court decision on an appellate court issue, it's from a far distant circuit. Well, Your Honor, as you said, there are many reasons that Mr. Jackson may have filed that motion, but if it's this Court's determination that that underlying ruling or the decision itself was made without jurisdiction, then I think that that makes the mootness point all the more. It goes away. It goes away, and it's all the more in our favor because that means that even though there was a request for an indicative ruling on 2255 relief, which, again, we specified that our request was in the alternative, either a 2255 motion or a request for an indicative ruling. And in that case, that means that the motion hasn't actually been finally adjudicated and ruled upon, and thus we can get effectual relief on remand because on remand, the Court can deem the 2255 motion timely appeals. You'll probably get the same ruling from Judge Manguson. Well. It doesn't go away. On the merits? Yes. If you get any relief from us at all. On the merits, we may. If you go back to Judge Manguson and you'll face, you'll have to overcome that 40-some page ruling. On the merits, respectfully, I don't think it was, I think it was a little bit shorter than that, but, yes, Judge Manguson did address both the jurisdiction and the merits, and I do think that even if you remand, it would make any request for a certificate. We don't know why Judge Manguson denied a request for a certificate of appealability. The motion that was filed below raised many, many issues, and if this Court were to remand and take away the timing issue. Let's go back to what's pending on appeal. Because you, the big thing is you say the Sixth Circuit and Judge Sutton was wrong in his jurisdictional ruling with respect to the 2255 question. And where I start with is at the end of his opinion, Judge Sutton carefully said he was not commenting on two potential safety valves, even if he was correct, and you didn't follow either of those safety valves, except you filed the 2255 after a year and six months after the time, the extension you initially requested. Why aren't you just out on that? It doesn't matter whether we like the Third Circuit or the Sixth Circuit on a tantalizing jurisdictional question, frankly. I don't think it matters here. So now you know where your problem with me. So I, of course, have utmost respect for Judge Sutton. I think we disagree on the fundamental. I don't want the merits of that. My question is how do you get around the fact that your time barred because you didn't even, well, first of all, your client, I think before he was a client, wrote the court a letter and it invoked, potentially invoked the first safety valve that Judge Sutton identifies, which is a real one, which is that even before, you can construe it as a 2255, even though it was a letter requesting reconsideration. And Judge Magnuson said, tell me if you're meant to do that. And you take over and you never responded to the judge's invitation, which was made after the time bar ran. So he was inviting a de facto, if you will, extension. And gone. Opportunity is gone. And then the other invitation from Judge Sutton is, look, maybe you can't get an extension, but you can file, you can, if you don't get the extension, you can file late and ask for equitable tolling after the fact based on your attempt to get an extension. And you didn't do that. So I say there's nothing left that we can do. Well, Your Honor, we did request equitable tolling in the 2255 motion. It was filed in July of this year. Yes, Your Honor. And there was a lengthy affidavit. And, of course, that's not on, it's not the motion before this court, but we disagree with the courts, with the district court's ruling there on equitable tolling. We think that it wasn't just these few months that Mr. Jackson was in the transfer center separated from all of his belongings. The pandemic restrictions that he was under extended for a significant period of time, which is part of why Judge Magnuson eventually appointed counsel, so that Mr. Jackson would be able to finally get a motion on file. As for construing the — In other instances, Judge Sutton says, a failed pro se extension motion may provide support for the equitable tolling of a late but later file, 2255. Yes, and that was a part of our equitable tolling argument. Why did you wait a year? You had to have read the — I'm personalizing. I have no idea who did what. I'm just, based on the record we've got, it seems to me that almost the day after Judge Magnuson extended that invitation in, what was it, late June of 20, there should have either been a response to his invitation saying, please take the reconsideration letter as a de facto 2255 and now give equitable tolling for further expansion, or filed a 2255 and said the extension supports it. Respectfully, I really do think that we did the second of those two things. When did you do it? Well, you are right that it was in July of 2021, but there are declarations. There is a full record that is at issue in the order, which whether or not the — It's a time bar analysis. It's just a different time bar analysis. Yes, and I would say that the full record of the reason for why the July 2021 filing is not before — it's not before the court right now, but there is a record, and, Your Honor, we have an explanation. Wait, wait, wait. We have CMACF. We can get every filing in the district court. When you say record, is this in my file cabinet, or is this in the district court's docket? Your Honor, you're right. It is on the district court's docket, but what I would say is that it, you know, it wasn't a part of the record before. How did you explain going from June of 20 to July of 21 without filing this protective late file 2255? Your Honor, may I respond? Yes, you may. So there were — so Mr. Jackson was in the Federal Transfer Center, separated from his legal belongings from March 4th until July 8th, 2020. On July 8th, 2020, he was transferred finally to U.S.P. Leavenworth, and at that time, that was the first time that he was reconnected with his legal materials, which he needed to analyze in order to prepare his 2255 motion. I think it's really important that, you know, the pandemic struck not just days before the deadline, but 122 days before the deadline. I'm talking about a counsel filed one paragraph, 2255, pleading in the district court labeled it 2255, explaining that we need equitable tolling, and the extension wasn't available, but the case law says we can get it because we can get it for a late file, and please do it now. So counsel was not appointed until April of 2021, and between — in the interim, Mr. Jackson was under a series of quarantines. I didn't know that. Yeah, counsel wasn't appointed until far later. It was after Mr. Jackson had been in a series of quarantines, and during those quarantines, he wasn't able to access the law library. At one point, U.S.P. Leavenworth had the most COVID cases in the entire federal system. So there was a lot going on during that time period. I understand. That's very helpful. All right. I will address the first safety valve on rebuttal, unless there are any other questions. Thank you. All right. Ms. Kirkpatrick. Good morning, Your Honors. May it please the Court. My name is Lisa Kirkpatrick, and I represent the United States in this appeal. I'm going to begin by addressing Judge Loken's question.  late-filed 2255 motion based on Civil Rule of Procedure 62.1. That rule, which is also replicated in the criminal rules under Rule 37, allows a district court to consider a motion that it otherwise would lack jurisdiction over based on a pending appeal and allows the district court to defer a ruling, to deny the motion, or to issue an indicative ruling. What it excludes and what the government agrees the district court would not have had jurisdiction to do would be to simply outright grant the motion. It says if a timely motion is made. This was clearly not timely. The motion for 2255? Yes. That's true that it was untimely, but the defendant here sought the equitable tolling to essentially have the district court determine that it was timely made. But that was an issue before us. Respectfully, I disagree, Your Honor. I know you do, but I think you're wrong. The issue before this Court? The issue before us was going to be, if you read the paragraph I've been referring to in Judge Sutton's opinion, it was going to include whether the safety valve procedures had been invoked. And counsel was going to say, yes, in July of 2021, we filed a 2255, and it's pending. Respectfully, Your Honor, the issue in front of this Court is simply whether the district court had jurisdiction to rule on the defendant's mother's pre-deadline filing for a motion of extension. Well, that's your interpretation. I understand that. That is my interpretation. The district court... was properly taken with the case. Potentially, Your Honor. But this case is moot for a number of reasons. When I was preparing for oral arguments, I was struck by a comment that the Supreme Court made in Arizonans for Official English. The Court, in different contexts, stated that courts often pause to consider whether the conflict before the court is necessary. And there are so many reasons that the conflict in this case is unnecessary. It's unnecessary because that 2255 was never filed until July of 2021. It's unnecessary because the only basis for jurisdiction here would have been 3231. And that's the criminal jurisdictional provision. And consequently, the criminal rules for filing an appeal apply. And under 4B, that's a 14-day window. But the defendant's appeal, notice of appeal, wasn't filed for two months. This appeal is untimely. And on the merits, Your Honors, frankly, the Third Circuit got it wrong. But even if this Court were to follow the Third Circuit and find that the district court did, in fact, have jurisdiction, the remedy here isn't to reverse with a finding that it's timely. The defendant never put those facts that would have allowed the district court to find that. He was entitled to an extension. And in Thomas, despite reversing the district court on the ground that the court — let me back up a little bit. In Thomas, the district court found that it lacked jurisdiction, so it dismissed the extension request. The Third Circuit found that it did have jurisdiction, but it didn't reverse and remand. It still affirmed the judgment of the district court on the ground that the defendant hadn't set forth sufficient grounds to satisfy the equitable tolling standard in his motion. And the defendant here, if this Court considers the defendant's mother's motion to be properly before the Court at all, the only assertion made in that motion to support the extension request is that the defendant was housed at a federal transit center and had limited access to assistance. That is the only assertion the defendant made in that motion. In the defendant's brief and as well as in the response to the defendant's mootness argument, it points to other facts in the record. It points to his notice of appeal as well as to subsequent filings. But those facts were not in front of the district court when the district court ruled on the defendant's mother's motion for extension. And as a matter of law, he did not come forward with enough facts to support equitable tolling at that point. When he says I don't have jurisdiction, how can we look back behind that and read the mind of the judge as to what he would have done if he had jurisdiction? That's what you're asking us to do. I'm asking you, Your Honor, I don't think we can. But I think this Court could find as a matter of law that the justification that was outlined in the extension motion is insufficient as a matter of law. I'm not asking you to find what the district court or to surmise what the district court would have done. I'm asking you to look at the defendant's mother's motion and find that as a matter of law, simply stating that he didn't have adequate assistance is insufficient to justify equitable tolling. And respectfully, we do... What's the authority for that? The authority for that is United States v. Thomas, Your Honor. In that case, that is why they affirmed that case despite finding that the district court got it wrong when it held it didn't have jurisdiction. Your Honors, I do want to focus just for a moment on what the defendant's proposed relief is in response to the government's motion to dismiss. What's the effect of the district court's denial on the merits of the 2255? Your Honor, that's precisely one of the points I wanted to make, that the defendant's response to the government's motion to dismiss ignores entirely that the district court not only found that he was not entitled to equitable tolling, but also ruled on the merits that his ineffective assistance of counsel claims failed. That's an independent ruling, completely independent of the finding on timeliness. So regardless of what the district court would have found on timeliness, had it believed it had authority under some set of circumstances, it still denied the request on the merits and furthermore found that the issues raised in the 2255 were not debatable among reasonable jurists and it denied the certificate of appealability. So this isn't a question of a close call here. This is a, the district court made a finding that supports the ruling and this court therefore could make, could offer no effectual relief if it were to reverse the jurisdictional finding. Because the merits have already been resolved. The merits have already been decided and he can't file another 2255. If he had jurisdiction to decide it. If he had jurisdiction to decide it. As opposed to taking Rule 37. Did you brief Rule 37 to the district court? Or just assert you have jurisdiction? We cited the case that cites the rule. Did that case discuss whether 37A3 is the preferred alternative? No, Your Honor. I don't believe it did. And you didn't discuss it? No, Your Honor. The government did not. The district courts assumed to know the law, of course, and the Federal rules of both. You cited Rule 37 or you just cited a case that applied Rule 37? I believe we cited a case that applies Rule 37 or the criminal counterpart, or the civil counterpart, 62.1. And this is an issue that district courts face regularly, particularly in light of the pandemic and the First Step Act, which allows district courts to rule on compassionate release motions that are filed by defendants. So this isn't an instance where it's some obscure rule that would allow the district court to defer, deny, or issue an indicative ruling. This is a rule that the courts deal with regularly in this district. Your Honor, the response to the defendant or, excuse me, to the government's motion to dismiss asked this court to reverse and remand with instructions to deem the filed 2255 motion timely. And that issue isn't before this court, as I stated. The defendant is asking this court to leapfrog over the district court's role as the arbiter of that dispute. The district court had not ruled on that issue at the time it denied the defendant's mother's motion. And we know for a fact that the district court would not find the motion timely because that October 1st order says so. It says the defendant does not meet the standard to show exceptional circumstances and diligence pursuing his rights. And if we leapfrog off over, then what happens? If you leapfrog over and deem it timely? Nothing, Your Honor, because we do have the independent grounds of denial on the merits. So under no set of circumstances would a ruling on the jurisdiction on a pre-2255 motion affect what's happened now. Now we have a 2255. So now we're under the cases where a petition or a motion has been filed. And that's what happened in Socia, the Seventh Circuit case. That case didn't find, as the defendant states, that there was jurisdiction to consider the pre-2255 motion. May I continue my thought, Your Honor? Yes. You can conclude your thought. Thank you. Didn't decide that there was jurisdiction because at the point the Seventh Circuit decided Socia, a 2254 motion had been filed, just as a 2255 motion had been filed here. And in Socia, what it did is remanded for the court to consider whether the statute of limitations should be equitably told. So that would be the question before the district court if this court remanded. But of course, it's mooted by the October 1st order where the district court found that it should not be equitably told. And for these reasons, Your Honors, the government believes that this appeal should be dismissed as moot. What great procedural error would we be making if we leapfrogged over and randed this case on the grounds that the district courts would have denied relief anyway? Yeah. Somehow I suppose, well, I suppose you could say we're, maybe it reflects my 51 years on the bench. Sometimes it's easy to become cynical. Your Honor, I wish I could point to a rule or a case, but what comes to mind is that the district court is the finder of facts. And at the point it ruled on the defendant's mother's motion, there were no facts before it. This court does not find facts in the first instance. And I think that's the primary, primary reason that we shouldn't leap over fact findings. And ultimately, the issue of whether a statute of limitations should be equitably told is left to the district court's discretion, which this court then reviews for abuse of that discretion. It does not decide that question in the first instance. Thank you, Your Honors. Thank you, Mr. Kirkpatrick. Ms. Fisher, you used all of your time, but we'll give you one minute for a reply, rebuttal. Thank you, Your Honors. I'm going to try to make two quick points in my remaining minute. And the first is turning back to the issue of mootness. This case is not resolved. Yes, there is an order that the district court made, which jurisdiction, as we've discussed, is questionable. But even if that order, the court had jurisdiction, that is not a final order. We have serious disagreements with that order. Mr. Jackson can request the court of appeals for a certificate of appealability. He has 60 days to file a notice of appeal. It is not a final order. The second issue is what would the court have done? We heard the ---- Well, when you say it's a final, not a final order, you mean it can still be appealed. Oh. But as far as the definition of a final order for purposes of filing an appeal, it is that, isn't it? Correct. Sorry. Apologies, Your Honor. Yes. But it is not, there is not a final determination because the appeal deadline has not yet. But then the proper place for taking that up would be in the appeal of that order as opposed to where we are here today, correct? Absolutely. But absolutely, the only point I'm trying to get across is that there could still be a different determination in the future that Mr. Jackson is actually entitled to 2255 relief if this court were to grant a certificate of appealability. So that, but that wouldn't be impacted by the dismissal of this appeal, would it? He'd still have the right to appeal the most recent October 1st order, regardless of what we do here today, wouldn't you? He would, but I think there are two issues that ---- So that argument suggests you should not have opposed the mootness motion. You should have just allowed, not opposed to us dismissing and file your appeal from the final merits decision. So, Your Honor, this is a procedurally interesting case, no doubt about it. The reason ---- You wouldn't want to take that risk, I guess. Well, yeah, there's ---- Easy for us to suggest it, but well, anyway. There's a risk, but also what we're asking for is that the 2255 be deemed timely. That's what we're asking for. And we know from the district court's original orders on both Mr. Jackson's original request for an extension and his reconsideration motion, that the district court thought he might be entitled to equitable tolling. It's written in both of those orders. So if the court had determined that it had jurisdiction, it very well may have extended that deadline, but it didn't even reach that issue because it decided it didn't have jurisdiction. We think that that's an error that this court can correct now. Now you're talking spring of 2020 or July of 2021? I'm talking spring of July 2020. I wonder whether that was timely or not. It's been filed and it's been decided, and you can appeal it. I disagree, Your Honor. We have nothing to contribute, it seems to me, but by your argument on rebuttal, we have nothing to contribute to the process. I disagree, Your Honor, because if this court were to reverse and order the district court to deem the 2255 timely filed, or say the court didn't have jurisdiction and so have it filed in the first instance, that is a remedy that this court can order and it's what we're asking for. Why would that matter if the court's already ruled on the merits? Because the district court ruled against Mr. Jackson on both timeliness and the merits. But if the court went to the merits and ruled the merits, the timeliness issue is no longer of material value to us. Well, it is because in seeking a certificate of appealability, Mr. Jackson will have to overcome both timeliness and the merits. And so this court, through this proceeding, can reverse and eliminate the issue of timeliness so that all is left is the issue that should be fought about, which is the merits. All right. Unless the Court has any further questions, we'd ask that you reverse and remand and order the district court to deem the 2255 motion timely filed. I was tempted to say something, but I won't. I wouldn't add anything to the jurisprudence of this. Thank you, Ms. Fisher. The Court notes that you have served in representation of the appellant today under the Criminal Justice Act, and we appreciate your willingness to serve. Thank you. Thank you, Your Honor. Thank you, both counsel, for the argument you provided to the Court this morning and the briefing which you submitted. We will take your case under advisement.